IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAIDEN MATTHEW WAGNER                                          PLAINTIFF

v.                                  Civil No. 2:25-cv-02013-MEF

SERGEANT MERCEDES ANDERSON
(Scott County Detention Center "SCDC");
JAIL ADMINISTRATOR SHANE DAVIS
(SCDC);
JAILER PRESTON WYSONG                                          DEFENDANTS

**OPINION AND ORDER**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  (ECF No. 13).  Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

## I.      BACKGROUND

Plaintiff filed his Complaint on February 13, 2025.  (ECF No. 1).  Defendants filed a Motion for Summary Judgment on February 23, 2026.  (ECF No. 23).  On March 5, 2026, the Court entered an Order directing Plaintiff to submit his Summary Judgment Response by March 26, 2026.  (ECF No. 26).  When Plaintiff failed to do so, the Court entered a Show Cause Order directing Plaintiff to respond by April 17, 2026.  (ECF No. 27).  Neither Order was returned as undeliverable.  Plaintiff has failed to respond to both Orders, and he has not otherwise communicated with the Court.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.    ...    If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.    ANALYSIS

Plaintiff has failed to comply with two Court Orders.  Plaintiff has, therefore, failed to prosecute this matter.  Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  Judgment will be entered contemporaneously with this Order.

IT IS SO ORDERED on this 15th day of May 2026.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

2